**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry Dean SHORT, Defendant-Appellant.**

**No. 73-2748.**

United States Court of Appeals, Ninth Circuit.

May 10, 1974.

Rehearing Denied July 18, 1974.

Certiorari Denied Nov. 11, 1974.
See 95 S.Ct. 317.

Steven M. Kipperman (argued) of Kipperman, Shawn & Keker, San Francisco, Cal., for defendant-appellant.

Brian B. Denton, Asst. U. S. Atty. (argued) San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and GRAY,* District Judge.

## ORDER

The government has moved for a clarification of the mandate in this case. The motion is granted. The mandate is recalled.

The jury having separately found that Short was guilty of violating 18 U.S.C. § 2113(a) and of the aggravating conduct proscribed by 18 U.S.C. § 2113(d), and the only error having occurred in relation to § 2113(d), the court, on remand, if the government does not elect to retry the § 2113(d) charge, may resentence Short under the § 2113(a) charge. If the government elects to retry the § 2113(d) charge, the whole case should be retried, because there is but one offense, namely, bank robbery, that is charged.

The judgment, insofar as it rests on the § 2113(d) charge, is reversed. The sentence under the § 2113(a) charge is vacated. The case is remanded to the district court for further proceedings consistent with the opinion and this order.

### On Petition for Rehearing

In his petition for a rehearing, filed on May 15, 1974, Short correctly asserts that we have failed to dispose of one issue which may affect the validity of his conviction under § 2113(a). He asserts that his trial was vitiated by juror misconduct.

The alleged juror misconduct occurred before the trial began, during the selection of the jury. A prospective juror objected generally to the trial of Short on the ground that the trial was costing the taxpayers more than the defendant had allegedly taken. The prospective juror then remarked that he "could see the point that the defendant may do it again. . . ." The trial court dismissed the prospective juror and issued a cautionary instruction. The trial judge also denied a motion for a mistrial. The trial judge is in the best position to judge the effect of the juror's comments upon the jury and the failure to grant a mistrial is only error if it was a clear abuse of discretion. See United States v. Faulkenbery, 9 Cir., 1973, 472 F.2d 879, 882. There was no abuse of discretion here as the trial court gave a proper cautionary instruction and, in any event, the venireman's statement may have been more damag-

* The Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

ing to the prosecution than to the defense.

In order to preserve Short's right to petition the Supreme Court for a writ of certiorari, our mandate of May 10, 1974, is recalled and our judgment is vacated. A new judgment is hereby entered as follows:·

The judgment appealed from, insofar as it rests on the § 2113(d) charge is reversed. The sentence under the § 2113(a) charge is vacated. The case is remanded to the district court for further proceedings consistent with our opinion filed March 18, 1974, our order of May 10, 1974, and this order. The petition for a rehearing is denied. A new mandate shall issue forthwith. No further petition for a rehearing will be received.