UNITED STATES of America, Appellee,

v.

Donald K. SANBORN, Defendant,
Appellant.

No. 77–1045.

United States Court of Appeals,
First Circuit.

Argued May 3, 1977.

Sept. 9, 1977.

Robert W. Mahoney, Boston, Mass. by appointment of the Court, with whom Hale & Dorr, Boston, Mass., was on brief, for defendant, appellant.

Robert B. Collings, Asst. U. S. Atty., Chief, Criminal Division, Boston, Mass., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and DOOLING, District Judge.*

LEVIN H. CAMPBELL, Circuit Judge.

Donald Kent Sanborn appeals from his conviction on a one count indictment charg-

ing armed robbery of $6,000 from the Milford Bank and Trust Company in Milford, Massachusetts on March 30, 1976 in violation of 18 U.S.C. § 2113(d).[1]

The Government's case was based largely on the testimony of an accomplice, Albert Kell, who, at the time of Sanborn's trial, had already been convicted of the robbery. There was evidence that Sanborn and Kell, both of whom had previously lived in Milford, planned the robbery during several February 1976 conversations in Pennsylvania. On March 29, 1976, Kell and Sanborn drove to Boston in Sanborn's car and checked into a motor inn. The next day, they left off Sanborn's car in Milford and picked up another which they drove to the bank. Shortly after the bank opened for business, Kell entered the bank, leaving Sanborn in the car. He went to the manager's office, took a gun from his attache case and demanded money. The manager turned over $6,000, Kell left the bank and escaped in the getaway car with Sanborn.

On appeal, Sanborn first argues that for him to be found guilty as an aider and abettor of armed as opposed to unarmed

* Of the Eastern District of New York, sitting by designation.

1. The indictment read as follows:

"COUNT ONE
DONALD KENT SANBORN
on or about March 30, 1976 at Milford, in the District of Massachusetts, did, by force and violence and by intimidation, take from the persons and presence of employees of the Milford National Bank and Trust Co. at 146 South Main Street, Milford, Mass., money in the amount of $4,000 more or less, belonging to and in the care, custody, control, management, and possession of said Milford National Bank and Trust Co. at 146 South Main Street, Milford, Mass., the deposits of which bank on March 30, 1976 were insured by the Federal Deposit Insurance Corporation, and the said Donald Kent Sanborn, in committing the aforesaid acts, did assault and put in jeopardy the lives of employees of the said Milford National Bank and Trust Co. at 146 South Main Street, Milford, Mass., by use of a dangerous weapon,

to wit: a gun; in violation of Title 18, United States Code, Section 2113(d).
Section 2113(d) provides,
 "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

Sanborn was indicted for the offense described in subsection (a) which states in part:
 "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association;

.    .    .    .    .

 "Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

robbery,[2] the Government must prove that he had knowledge that Kell would use a gun in robbing the bank and that the district court's failure to give a requested instruction precisely to that effect constituted reversible error.

Sanborn was convicted under the statute that makes an aider and abettor "punishable as a principal". 18 U.S.C. § 2. Appellant, citing to *United States v. Short*, 493 F.2d 1170 (9th Cir.), *cert. denied*, 419 U.S. 1000, 95 S.Ct. 317, 42 L.Ed.2d 275 (1974), argues that an element of the Government's case was proof that he knew Kell planned to use a gun. Pointing to the lack of direct evidence that he knew of the gun—Kell took the gun from an attache case after entering the bank—Sanborn contends both that the Government did not make out a case of aggravated robbery against him and that denial of the requested instructions was fatal.

■■■ Sanborn is plainly wrong insofar as he argues that there was insufficient evidence from which to find that he knew of the gun.[3] While there was no direct evidence, the circumstantial evidence permitted and, indeed, virtually compelled a conclusion of knowledge. Sanborn and Kell had carefully planned the robbery in advance, and were together for 8 or 9 hours on the previous day while driving from Pennsylvania to Massachusetts. Sanborn himself carried a gun when driving Kell to the bank where he waited for him until the two made their escape. A jury could reasonably conclude that an accomplice so closely associated with the venture could not fail to know what would be the central question in any robbery: how the robbers were to force the bank's employees to part with the money. *Compare Pereira v. United States*, 347 U.S. 1, 12–13, 74 S.Ct. 358, 98 L.Ed. 435 (1954).

Not only was there ample evidence from which a jury could infer that Sanborn knew of Kell's use of a gun, but the court in its instructions emphasized that the Government had to establish Sanborn's intentional and wilful participation in the act of taking the money by intimidation, assault and jeopardizing the lives of employees. Since the evidence and instructions along these lines turned on Kell's use of the gun, the jury could scarcely have convicted without finding that Sanborn was aware of the gun. *See id.* at 9–10, 74 S.Ct. 358.

There remains nevertheless the question whether the court erred in declining Sanborn's requested instruction that his knowledge of the gun had to be proven. In *United States v. Short, supra*, 493 F.2d at 1172, the Ninth Circuit concluded that to convict one of aiding and abetting an armed robbery, the Government had to prove the accomplice's knowledge of the principal's use of the weapon as "an essential element" of the crime. To be sure, the district court in *Short* had instructed that the defendant could be convicted *whether or not* he knew a gun would be used; no such instruction was given here and, as already indicated, it is more than likely that the jury believed that Sanborn had knowledge. Still, if the accomplice's knowledge of the weapon forms part of the Government's burden of proof in establishing the aiding and abetting of an armed robbery, it would be error for the trial court not to so advise the jury upon request. We must, therefore, decide that question.

---

2. Simple robbery under subsection (a) carries a possible fine of $5,000 and imprisonment for not more than 20 years. The aggravated offense subjects a defendant to a possible fine of $10,000 and imprisonment of not more than 25 years. Sanborn was sentenced to 10 years in prison after being convicted under subsection (d). Subsections (a) and (d) of section 2113 "[d]o not create two separate crimes but [prescribe] alternative sentences for the same crime depending upon the manner of its perpetration." *Holiday v. Johnston*, 313 U.S. 342, 349, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392 (1941).

*See O'Clair v. United States*, 470 F.2d 1199, 1202 (1st Cir. 1972), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973).

3. Sanborn did not renew his motion for judgment of acquittal after putting on his case and so did not preserve the issue for appeal. *See, e. g., United States v. Kilcullen*, 546 F.2d 435, 441 (1st Cir. 1976), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977). As we make clear *infra* the evidence was, in any event, sufficient and there was no plain error.

 While there is little direct authority beyond *Short*, the modern case law tends to support the view that one charged as an aider and abettor of an aggravated robbery, requiring proof of use of a dangerous weapon, must be shown to have contemplated that a weapon would be used. *See Commonwealth v. Ferguson*, 365 Mass. 1, 8–9, 309 N.E.2d 182, 186–87 (1974); *see also United States v. Methvin*, 441 F.2d 584 (5th Cir. 1971). An aider and abettor need not know every last detail of the substantive offense, *see Williams v. United States*, 308 F.2d 664, 666 (9th Cir. 1962), but he must share in the principal's essential criminal intent. *Johnson v. United States*, 195 F.2d 673, 675–76 (8th Cir. 1952); P. Anderson, Wharton's Criminal Law and Procedure § 114 at 247 (1957). While the § 2113(d) offense does not, in so many words, require the principal to be *aware* that he is using a dangerous weapon, his own knowledge is manifest from the fact of use, and in seeking to convict an aider and abettor of the aggravated offense we think the Government must show that the accomplice knew a dangerous weapon would be used or at least that he was on notice of the likelihood of its use. The accomplice's knowledge that use of a dangerous weapon was fairly within the robbery plan need not, of course, be shown by explicit proof of expressed intention; the jury may infer such knowledge from the whole circumstances. On this record, as already indicated, we would have no hesitancy whatever in affirming the present conviction for the aggravated crime had the court given an instruction that the Government had to establish beyond a reasonable doubt that Sanborn was on notice of the likelihood that a gun or other dangerous weapon would be used in the robbery. Absent any such instruction following upon defendant's explicit request,[4] we are obliged to vacate the judgment of con-

viction for the aggravated § 2113(d) offense. Because the court's erroneous failure to instruct went only to the aggravated offense carrying a higher maximum sentence, and because we find no other error, so much of the judgment may stand as is a conviction of the lesser offense of robbery under § 2113(a). Alternatively, Sanborn may be retried for the aggravated offense.

We have considered all remaining arguments raised by appellant and find them to be without merit.

*Upon the Government's filing of its election within one week, judgment will be entered.*

---

4. We do not decide whether failure to instruct in the absence of a request is plain error. The analysis in *Short*, making knowledge an element, might suggest that it would be. *See In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). On the other hand, knowledge of use of a weapon, as opposed to use itself, is not part of the statutory definition under § 2113(d) and it may be that knowledge is simply part of fairly establishing the aiding and abetting of the aggravated crime. While district courts should instruct as indicated herein whether or not requested, we do not necessarily decide today that failure to do so, unrequested, will be regarded as plain error.