**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Paul GROOMER,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Luis Jerome MARKOVICH,
Defendant-Appellant.**

**Nos. 78–2429, 78–2487.**

United States Court of Appeals,
Ninth Circuit.

May 2, 1979.

Richard G. Sherman, Los Angeles, Cal., for defendants-appellants.

Mark H. Bonner, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before KILKENNY and ANDERSON, Circuit Judges, and SOLOMON,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Appellants were convicted after separate trials on stipulated facts of violating 21 U.S.C. §§ 952(a) and 960(a)(1), importing a controlled substance (Count I) and 21 U.S.C. § 841(a)(1), possession of a controlled substance with intent to distribute (Count II). Groomer was convicted as a principal, and Markovich as an aider and abettor, 18 U.S.C. § 2.

Groomer appeals on the ground that the district court erred in denying his motion to suppress. Markovich challenges the sufficiency of the evidence. Both appeals were submitted without oral argument and are hereby consolidated for disposition. We affirm the convictions.

## GROOMER'S APPEAL

Groomer contends that his warrantless arrest was unlawful and that the fruits of the search incident to arrest should have been suppressed. Groomer asserts probable cause was lacking; in the alternative, he argues there were no exigent circumstances justifying the officers' failure to obtain a warrant.

Probable cause did exist. A U. S. Customs aircraft had followed an airplane from Mexico to a Burbank, California, airport where it landed and entered a hangar. Customs agents then observed four men, including Groomer and Markovich, unloading filled burlap bags from the airplane into a waiting van. The Burbank airport is not a Customs entry point, and the filled bags had not been declared as imported merchandise in accordance with 19 U.S.C. § 1459, *et seq.* The officers had probable cause to believe that the undeclared importation violated 18 U.S.C. § 545, a felony. See *United States v. Richardson,* 588 F.2d 1235 (CA 9 1978).

Groomer also contends his arrest was unlawful because the officers failed to knock on the door or announce their presence before entering the hangar. Although entry into a private residence or office may require notice (*United States v. Phillips,* 497 F.2d 1131 (CA 9 1974); 18 U.S.C. § 3109), the hangar was not a private place, and under the circumstances, the officers were justified in believing announcement of their presence might impede the arrest.

Whatever expectation of privacy appellants may have shared while in the hangar was undercut by the fact that their activity could be easily viewed through the hangar's undraped windows. *United States v. Coplen,* 541 F.2d 211 (CA 9 1976), *cert. denied,* 429 U.S. 1073, 97 S.Ct. 810, 50 L.Ed.2d 791 (1977).

Under these circumstances, an airplane hangar partakes more of a public place,

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

then it does a private residence. Given the number of suspects and their mobility, neither a warrant nor announcement of entry was necessary. *Compare United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976) *and United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), *with United States v. Flores,* 540 F.2d 432 (CA 9 1976), *and Rodriguez v. Jones,* 473 F.2d 599 (CA 5), *cert. denied* , 412 U.S. 953, 93 S.Ct. 3023, 37 L.Ed.2d 1007 (1973).

Denial of the motion to suppress was correct.

## MARKOVICH'S APPEAL

Markovich contends the evidence is insufficient to sustain his conviction on either count. We disagree as to Count II. Inasmuch as concurrent sentences were imposed, we decline to review the evidence supporting Count I. ·

█ Markovich conceded in the stipulated facts that appellant Groomer possessed the marijuana with intent to distribute. To sustain an aiding and abetting conviction, the government must show not only that the defendant participated in the criminal venture, but that he intentionally assisted the venture's illegal purpose. *United States v. McDaniel,* 545 F.2d 642 (CA 9 1976); *United States v. Short,* 493 F.2d 1170 (CA 9), *cert. denied* 419 U.S. 1000, 95 S.Ct. 317, 42 L.Ed.2d 275 (1974). The defendant's criminal intent, however, may be inferred from the attendant facts and circumstances. *United States v. Flickinger,* 573 F.2d 1349 (CA 9), *cert. denied,* —— U.S. ——, 99 S.Ct. 119, 58 L.Ed.2d 132 (1978).

█ The evidence showed that Markovich was present in the airplane hangar late at night and then assisted in unloading the cargo into the van. The likelihood that the burlap bags contained contraband is difficult to deny. Further, the odor of nearly 600 pounds of marijuana would be hard to miss, and the bags were apparently partially opened.

The convictions of both appellants are AFFIRMED.