**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Chippy JONES, Defendant-Appellant.**

**No. 80–1840.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 5, 1982.

Decided May 26, 1982.

Before KENNEDY and SCHROEDER, Circuit Judges, and SOLOMON,* District Judge.

SCHROEDER, Circuit Judge:

Appellant, Chippy Jones, was one of four participants in a bank robbery that resulted in the killing of a bank security guard. Jones, who was present at the scene of the crime but who did not fire the fatal shot, was convicted after a jury trial of aiding and abetting the violation of both 18 U.S.C. § 2113(a), the general bank robbery statute, and 18 U.S.C. § 2113(e), which provides greater punishment for commission of a robbery in which a killing or kidnapping occurs. He was sentenced to life imprisonment in accordance with the enhancement provisions of § 2113(e).

Jones's principal argument on appeal is that 18 U.S.C. § 2113(e) is applicable only to the perpetrator of a killing or kidnapping and cannot provide a foundation for accomplice liability. Although we cannot agree with such a restrictive reading, we agree that the jury was improperly instructed on the elements on the § 2113(e) offense. Accordingly, we reverse the § 2113(e) conviction. We remand to the district court for resentencing under § 2113(a), or, if the government so elects, for retrial of the entire case. *United States v. Short*, 500 F.2d 676, 677 (9th Cir.), *modifying* 493 F.2d 1170, *cert. denied*, 419 U.S. 1000, 95 S.Ct. 317, 42 L.Ed.2d 275 (1974).

Baird A. Brown, Los Angeles, Cal., for defendant-appellant.

Kathleen P. March, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

█ Section 2113,[1] entitled "Bank robbery and incidental crimes," defines the federal offense of bank robbery and speci-

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. 18 U.S.C. § 2113 provides:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—

fies the applicable criminal sanctions. Because § 2113 defines a crime against the United States, any person who aids or abets such an offense is punishable as a principal under 18 U.S.C. § 2(a).[2]

The interaction of the subsections of § 2113 is critical to this appeal. Subsection (a) proscribes the taking of anything of value by "force, violence, or intimidation" from a covered banking institution. Violations carry a fine of $5,000, imprisonment of not more than twenty years, or both. Subsection (d) proscribes the same conduct prohibited under (a), but provides a fine of $10,000, imprisonment of not more than twenty-five years, or both, when, during the course of the robbery, the perpetrator "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device . . . ." Final-ly, subsection (e) relates to robberies in which a killing or kidnapping occurs. It provides:

> Whoever, in committing any offense defined in this section or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years or punished by death if the verdict of the jury shall so direct.

Subsection (e), like subsection (d), provides enhanced punishment for bank robberies in which there is "aggravating" conduct in addition to the basic § 2113(a) of-

---

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, credit union, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or at-tempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

(f) As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

(g) As used in this section the term "savings and loan association" means any Federal savings and loan association and any "insured institution" as defined in section 401 of the National Housing Act, as amended, and any "Federal credit union" as defined in section 2 of the Federal Credit Union Act.

(h) As used in this section the term "credit union" means any Federal credit union and any State-chartered credit union the accounts of which are insured by the Administrator of the National Credit Union Administration.

2. 18 U.S.C. § 2 provides:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

fense. *United States v. Faleafine*, 492 F.2d 18, 25 (9th Cir. 1974) (en banc). The applicability of enhanced punishment depends, of course, on whether the actor's conduct fits within the precise language of the enhancement subsections.

In this case, Jones was charged with aiding and abetting the violation of § 2113. He argues that the aiding and abetting provision of 18 U.S.C. § 2 cannot apply to § 2113(e). The aiding and abetting provision of 18 U.S.C. § 2, however, is applicable to the entire criminal code. *United States v. May*, 625 F.2d 186, 194 (8th Cir. 1980); *Breeze v. United States*, 398 F.2d 178, 192 (10th Cir. 1968). Jones points to no suggestion in the legislative histories of either § 2 or § 2113 that Congress intended to carve out an exception in § 2113 cases. We therefore reject the argument that § 2113(e) is applicable only to the perpetrator of a killing or kidnapping in the course of a robbery.

We also reject Jones's argument that the evidence in this case could not support a finding by the jury that he aided and abetted the principal in the killing. Witnesses testified that Jones was near the guard when he was shot, and that Jones may have struggled with the guard immediately before.

Jones's challenge to the instructions given to the jury, however, has merit. Cases arising under § 2113(d) hold that the government must show that the defendant aided and abetted the principal in every "essential element" of the offense. Under a § 2113(d) charge the government must therefore show that the ·defendant aided and abetted the principal both in the act of bank robbery and in the principal's use of "a dangerous weapon or device" during the act. *United States v. Short*, 493 F.2d 1170, 1172 (9th Cir.), *modified*, 500 F.2d 676, *cert. denied*, 419 U.S. 1000, 95 S.Ct. 317, 42 L.Ed.2d 275 (1974).

In *Short* the defendant acted as the principal's "get-away" driver. The trial court instructed the jury that Short could be convicted under § 2113(d) if the evidence showed that he knew the principal was going to attempt a bank robbery and that he "did some affirmative act to attempt to help." This court reversed because the trial court failed to instruct the jury on aiding and abetting the use of the weapon, an "essential element" of the crime of armed bank robbery. The court summarized: "An essential element of armed bank robbery as charged here is that the principal was armed and used the weapon to jeopardize the life of the teller. It is this conduct that Short must be shown to have aided and abetted." *Id.* at 1172.

Similarly, in *United States v. Jones*, 592 F.2d 1038 (9th Cir.), *cert. denied*, 441 U.S. 951, 99 S.Ct. 2179, 60 L.Ed.2d 1056 (1979), the defendant, a "get-away" driver, was convicted of aiding and abetting under §§ 2113(a) and (d). This court, following the analysis of *Short*, found the evidence insufficient to sustain the charge that the defendant had aided and abetted the principal in conduct proscribed by subsection (d). Because, however, the evidence was sufficient to show that the defendant had aided in the actual robbery, the case was remanded for resentencing under § 2113(a) alone.

*Short* and *Jones* hold that an accomplice charged under § 2113(d) must aid and abet the principal in both the bank robbery and the use of the dangerous weapon or device in order for the enhanced penalties of that provision to apply. Subsections (d) and (e) are parallel provisions. *United States v. Faleafine*, 492 F.2d at 23, 25. We hold that this court's analysis of accomplice liability under subsection (d) is equally applicable to subsection (e). The "essential elements" of subsection (e) are the commission of a robbery and the killing or kidnapping in connection with it. The accomplice must aid and abet each of these essential elements. As the Fifth Circuit stated in similar circumstances, "[w]here a defendant is charged with aiding and abetting a crime involving an element which enhances or aggrava:es the offense, there must be proof that the defendant associated herself with and participated in both elements of the crime." *United States v. Longoria*, 569 F.2d 422, 425 (5th Cir. 1978).

In this case the jury was not instructed to consider whether Jones aided and abetted in the killing. The court informed the jury that it must find three elements:

First: that on or about the date alleged [the alleged principal] willfully took from the presence or person of another money belonging to or in the care, custody, control, management or possession of a bank as charged, by force, violence or by means of intimidation;

Second: that defendant Chippy Jones willfully aided and abetted [the principal] in committing said robbery;

Third: that a person was killed during the commission of the robbery, as charged in the indictment.

The trial court should, in addition, have instructed the jury to determine whether the defendant aided and abetted the killing by the principal. *See* 1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 12.03 (3d ed. 1977). It is not enough for the jury to find that the defendant aided and abetted a bank robbery in which a killing occurred. This error was not harmless and we must reverse.

Appellant Jones raises two additional arguments with which we deal briefly. Jones claims that certain pre-trial statements of jail inmates with whom he was held should have been suppressed. The evidence does not show that these inmates were acting as informants for the government within the meaning of *United States v. Henry*, 474 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980). Finally, Jones did not challenge at trial the photographic identification procedure used by investigators. We have reviewed the record and can find no plain error.

On remand the trial court may resentence Jones under § 2113(a), or, if the government elects, may retry the entire case. *United States v. Short*, 500 F.2d 676, 677 (9th Cir.), *modifying* 493 F.2d 1170, *cert. denied*, 419 U.S. 1000, 95 S.Ct. 317, 42 L.Ed.2d 275 (1974).

Reversed and remanded.

KENNEDY, Circuit Judge, concurring:

Though we might have done so, the opinion does not address the precise question of what intent is required to sustain a conviction of an aider and abettor, or a principal, under 18 U.S.C. § 2113(e) (1976). I do interpret the opinion to hold that there must be more than an intent to commit a bank robbery. In this posture of the case, if there is a retrial, the district court must devise an appropriate instruction. I am somewhat uncomfortable about our failure to give further guidance, but I suppose there is ample justification in the failure of counsel for either party thoroughly to brief the issue.