894 F.2d 1344
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alberto GONZALEZ, Defendant-Appellant.
 No. 88-5301.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1989.
Decided Jan. 29, 1990.
 Before GOODWIN, Chief Judge, and SCHROEDER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alberto Gonzalez appeals his conviction following a jury trial of one count of possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 BACKGROUND
 
 3
 Gonzalez's conviction occurred during the course of an undercover narcotics operation. On December 9, 1987, Juan Rodriguez, a confidential informant for the DEA, arranged for the purchase of twenty ounces of cocaine with two men, Arturo Lopez and Roberto Gonzalez (no relation to the appellant). Present at Roberto Gonzalez's house was appellant Alberto Gonzalez; he was introduced to the informant by Roberto as Roberto's cousin and the informant was told that Alberto would go to the Safeway in Roberto's place when the deal took place later that evening. Roberto also told the informant that he was sending Alberto as a "lookout" and to receive Roberto's share of the proceeds from the cocaine sale.
 
 
 4
 It was then arranged that Roberto would meet the informant at a Safeway parking lot in San Diego. Roberto arrived at the appointed place accompanied by a Francisco Rodriguez. During this meeting Rodriguez told the informant that he would go pick up the cocaine from his supply source and return to the Safeway lot later for the delivery.
 
 
 5
 Roberto and Rodriguez then drove to Roberto's house, where Roberto was dropped off. About 45 minutes later Rodriguez returned to Roberto's house and honked his horn. Alberto Gonzalez emerged from the house and drove with Rodriguez to the Safeway lot, where the informant was waiting. DEA agents monitoring the transaction observed the informant entering the backseat area of Rodriguez's car. Gonzalez was observed acting as a "look-out" as he continuously scanned the parking lot area.
 
 
 6
 Inside the car, the informant was shown twenty ounces of cocaine stored in a blue knapsack behind the driver's seat. Upon seeing the cocaine, the informant gave a pre-arranged signal to the agents and Rodriguez and Gonzalez were arrested and apprised of their Miranda rights. At no time did the agents observe Gonzalez handle the cocaine and he apparently remained in the front passenger seat throughout the transaction.
 
 
 7
 At trial, Gonzalez testified that he is a medical student from Vera Cruz, Mexico, and that he came to the United States to get married because the Mexican government had denied him permission to do so. He entered the U.S. ten days before his arrest and claimed not to have known any of his co-defendants before he arrived. He also asserted that he only accompanied Rodriguez to the Safeway store because he wanted to buy some milk and needed a ride.
 
 DISCUSSION
 
 8
 Gonzalez made motions for a judgment of acquittal at the end of the prosecution's case-in-chief and again at the close of all the evidence, claiming that the government had produced insufficient evidence to support the charge that he possessed the cocaine with intent to distribute. Both motions were denied. On appeal Gonzalez claims that his conviction on the possession count is not supported by sufficient evidence.
 
 
 9
 This court will find a conviction to be supported by sufficient evidence if, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences, there was relevant evidence from which the jury could reasonably have found the defendant guilty beyond a reasonable doubt. United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986). Citing United States v. Batimana, 623 F.2d 1366, 1369 (9th Cir.), cert. denied, 449 U.S. 1038 (1980), the government argues that Gonzalez's possession conviction should be upheld because the evidence at trial established that Gonzalez aided and abetted his co-defendant's possession of the cocaine seized by the DEA agents. Although Gonzalez was not indicted on an aiding and abetting charge, the omission is not fatal to the government's argument: As this court noted in Batimana, "It is well-settled that courts may instruct on aiding and abetting, if the evidence warrants, even though this theory was not charged in the indictment." Id. at 1370 n. 3.
 
 
 10
 In order to secure a defendant's conviction for aiding and abetting another's commission of a crime, the "government must show not only that the defendant participated in the criminal venture, but that he intentionally assisted the venture's illegal purpose." Disla, 805 F.2d at 1352, quoting United States v. Groomer, 596 F.2d 356, 358 (9th Cir.1979). In Batimana we refused to sustain the defendants' possession conviction under an aiding and abetting theory where there was no evidence to prove that they had done anything to "effect the crime" or assist in its perpetration. 623 F.2d at 1370. By contrast Gonzalez apparently made no objection when introduced to the government's informant as Roberto's cousin and choice as look-out and payee for the transaction later that afternoon and the account of Gonzalez's subsequent actions suggests that he played his appointed role in "effecting" the conspiracy: the DEA agents did observe him accompany Rodriguez to the parking lot and engage in behavior closely approximating what one would expect from a look-out. Drawing all reasonable inferences in favor of the government's position, the evidence here is sufficient to sustain Gonzalez's conviction for possession with intent to distribute under an aiding and abetting theory.
 
 
 11
 Because we find the evidence sufficient to sustain Gonzalez's possession conviction under the aiding and abetting theory, we need not reach Gonzalez's argument that he lacked constructive possession of the cocaine found in Francisco Rodriguez's car.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3