967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jane DOE, Defendant-Appellant.
 No. 91-10260.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1992.
Decided June 19, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jane Doe, a minor, was convicted of aiding and abetting her brother's possession with intent to distribute less than 100 grams of heroin. Doe appeals her conviction. We affirm.
 
 I. Sufficiency of the Evidence
 
 3
 Doe argues that the government failed to prove that she had the specific intent to facilitate the commission of a crime by her brother. We disagree. The evidence showed that, at her brother's instruction, Doe went into the bedroom closet, took out a heroin sample, and handed it to her brother. On her own initiative, Doe then closed the curtains and locked the front door. Doe watched from nearby while an undercover officer and her brother conversed about a heroin sample previously received. Furthermore, when police searched Doe's family home six months later, they found guns in Doe's bedroom and a dog alerted to the scent of narcotics there. These facts support a reasonable inference that Doe affirmatively intended to assist her brother's drug transaction. See United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989) (conviction sustained on aiding and abetting theory where the defendant had a vial of methamphetamine on his person, a gun and filter papers were found in his bedroom closet, and drug paraphernalia was found throughout the house in which the defendant resided).
 
 
 4
 Doe also argues that the government introduced insufficient evidence to establish beyond a reasonable doubt that she shared her brother's intent to distribute heroin. For the reasons outlined above, we cannot agree.
 
 
 5
 Doe attempts to equate her position with that of the defendant in United States v. Ramirez, 880 F.2d 236 (9th Cir.1989). In Ramirez, we held that evidence that the defendant resided in a house where drugs and money were found could not sustain a finding of intent to distribute absent a showing that the defendant was aware of the drugs' presence. Id. at 238-39. What Doe overlooks, however, is that in Ramirez the government failed to produce evidence that Ramirez participated in any way in the drug trade. Id. at 239. Doe, by contrast, was seen assisting and participating in her brother's drug transaction. Doe's activities thus provided the link missing in Ramirez.
 
 
 6
 Finally, Doe contends that the government failed to prove that she assisted or participated in the underlying substantive offense. The evidence shows, however, that Doe delivered a heroin vial to her brother and then secured the apartment while the officer examined the sample. This evidence supports a finding that Doe assisted in the drug transaction. Cf. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.) (transporting husband and cocaine to drug deal sufficient to sustain conviction on an aiding and abetting theory), cert. denied, 488 U.S. 943 (1988); United States v. Groomer, 596 F.2d 356, 358 (9th Cir.1979) (assistance in unloading of drugs sufficient to convict on theory of aiding and abetting).
 
 II. Motion For a New Trial
 
 7
 Doe argues in the alternative that the district court erred by admitting into evidence the marijuana, guns, and money seized from her home. We affirm the district court's denial of the motion for a new trial. The admission of the evidence was not an abuse of discretion. The drugs and guns were relevant to show that Doe shared her brother's intent to distribute drugs. The mere lapse of time alone does not make the district court's finding of relevance an abuse of discretion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3