81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jermaine HODRICK and Gerald Sparks, Jr., Defendants-Appellants.
 Nos. 94-50549, 94-50554.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1996.
Decided April 3, 1996.
 
 Before: WALLACE, FERGUSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jermaine Ruben Hodrick and Gerald Sparks, Jr., appeal their jury convictions for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). For the reasons stated below, the convictions are AFFIRMED.
 
 
 3
 Since the parties are familiar with the facts, we need not recite them here.
 
 DISCUSSION
 Motion to Suppress
 
 4
 A police officer may stop a person if the officer has a reasonable, articulable suspicion that the person has just committed a crime. Terry v. Ohio, 392 U.S. 1, 31 (1968). The "reasonable suspicion" required for a Terry stop may be satisfied by the collective knowledge of police officers. United States v. Hensley, 469 U.S. 221, 231-32 (1985). A lawful "Terry stop involves no more than a brief stop, interrogation and, under the proper circumstances, a brief check for weapons." United States v. Robertson, 833 F.2d 777, 780 (9th Cir.1987).
 
 
 5
 A Terry stop may escalate into an arrest in which case probable cause is required. The view in this circuit on determining whether a Terry stop has escalated into an arrest is that it "depends on all the surrounding circumstances, including the extent to which liberty of movement is curtailed and the type of force or authority employed." Id.
 
 
 6
 "A brief but complete restriction of liberty, if not excessive under the circumstances, is permissible during a Terry stop and does not necessarily convert the stop into an arrest." United States v. Bautista, 684 F.2d 1286, 1289 (9th Cir.1982), cert. denied, 459 U.S. 1211 (1983). Even in cases where police have handcuffed or placed persons in patrol cars, courts have determined that under the particular circumstances in each given case, the seizures were valid Terry stops rather than full-scale arrests. United States v. Parr, 843 F.2d 1228, 1230 (9th Cir.1988) ("Certainly, there is no per se rule that detention in a patrol car constitutes an arrest."); Bautista, 684 F.2d at 1289 (handcuffing of robbery suspects deemed reasonable under the circumstances and did not convert a stop into an arrest).
 
 
 7
 In this case, under the circumstances, the initial stop of the defendants was supported by reasonable suspicion, and under the circumstances, the initial stop did not automatically convert into full-scale arrests. Moreover, once Officer Baird identified Sparks and Hodrick as the suspects whom he had seen fleeing from him earlier and once Della Gould positively identified Sparks as one of the alleged bank robbers, there was sufficient probable cause to arrest the defendants.
 
 Post-Arrest Statements
 
 8
 Title 18 U.S.C. § 3501(b) sets forth the criteria for evaluating the voluntariness of a statement. These include: (1) the time between the arrest and the statement, (2) whether the defendant knew of the nature of the offense with which he was charged, (3) whether or not he was advised that he was not required to make a statement, (4) whether the defendant had been advised of his right to counsel, and (5) whether the defendant had counsel when he made the statement. These factors are balanced under the totality of the circumstances.
 
 
 9
 Hodrick admitted that when he spoke with Agent De Silva, he understood his rights and he agreed to speak with the agents without the presence of an attorney. Although the per se reasonable time of six hours under § 3501(c) was exceeded by approximately one hour, the confession was made on the day of the arrest. Hodrick knew the nature of the charges he was facing, he had been informed of his Miranda rights, and he agreed to speak to the agents without the presence of an attorney.
 
 
 10
 The defendants' arguments that threats by the arresting police officers caused them to make involuntary confessions are also unpersuasive. Neither defendant made any confessions to the officers who allegedly made those threats. The threats were allegedly made hours before either defendant confessed, and none of the police officers who allegedly made the threats were present when the defendants confessed.
 
 
 11
 Finally, Sparks' arguments that he did not understand the significance of his Miranda waiver and that the agents failed to re-advise him of his Miranda rights prior to questioning him a second time is without merit. A defendant's youth and inexperience does not render his confession inadmissible. Derrick v. Peterson, 924 F.2d 813, 824 (9th Cir.1990), cert. denied, 502 U.S. 853 (1991). Further, the second interrogation by the FBI agents, approximately one hour after the first interrogation by the same agents, did not invalidate the prior warning. United States v. Andaverde, 64 F.3d 1305, 1312 (9th Cir.1995), cert. denied, 116 S.Ct. 1055 (1996).
 
 
 12
 In light of the circumstances, the confessions made by both defendants were voluntary.
 
 Redacted Statements
 
 13
 In Bruton v. United States, 391 U.S. 123, 126 (1968), the Court held that the admission of a co-defendant's confession that implicated the petitioner at a joint trial violated the petitioner's right of cross-examination protected by the Confrontation Clause. The Supreme Court has subsequently created an exception to the Bruton rule by limiting its application only to those situations where the co-defendant's statements "expressly implicate" the defendant. Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 1707-08 (1987).
 
 
 14
 In the cases following Richardson, courts have held that the redaction of co-defendant confessions by substituting neutral terms or pronouns for the name of the defendant did not implicate the Bruton error. See, e.g., United States v. Enriquez-Estrada, 999 F.2d 1355, 1359 (9th Cir.1993). Therefore, Hodrick's argument that the admission of the redacted confession of Sparks at trial was a Bruton error is without merit.
 
 
 15
 Di Silva's use of Hodrick's name in his testimony was a Bruton error. However, the error is reviewed under a harmless error test. Brown v. United States, 411 U.S. 223, 231 (1973).
 
 
 16
 In this case, the independent evidence against Hodrick was sufficient to demonstrate Hodrick's participation in the robbery: (1) Officer Baird identified Hodrick as one of the suspects fleeing from the stolen Mazda; (2) Hodrick matched the description of the second robber; (3) Hodrick was apprehended with Sparks a short distance from the bank, shortly after the bank was robbed; and (4) Hodrick confessed that he participated in the bank robbery. Under the circumstances, the Bruton error was harmless.
 
 Aiding and Abetting
 
 17
 "An essential element of armed bank robbery ... is that the principal was armed and used the weapon to jeopardize [lives]." United States v. Short, 493 F.2d 1170, 1172 (9th Cir.), cert. denied, 419 U.S. 1000 (1974). In order to find a defendant guilty of aiding and abetting an armed robbery, the evidence must establish that the defendant knew the principal was armed and intended to use the weapon. Id.
 
 
 18
 The evidence in the record regarding this issue is as follows: (1) there was evidence to support the finding that Sparks used a gun during the robbery; (2) there was evidence to support the finding that Hodrick and Sparks were the two individuals who were inside the bank carrying out the robbery; (3) there was evidence to support the finding that Hodrick and Sparks were together in the stolen Mazda; and (4) there was evidence to support the finding that Hodrick handled the gun prior to the robbery. In light of all of the evidence presented at trial, there was sufficient evidence before the jury to support its finding that Hodrick had prior knowledge that Sparks had a gun and intended to use it in the robbery.
 
 Allen Charge
 
 19
 A trial court's instruction to a jury to strive for unanimity and for the minority to reexamine its views is an Allen charge. See Allen v. United States, 164 U.S. 492, 501 (1896). In this case, when the jury indicated to the judge that they were deadlocked, the judge instructed them to continue deliberating. The judge's instruction was not an Allen charge. Further, the instruction did not amount to a de facto Allen charge. Jiminez v. Myers, 40 F.3d 976, 980 (9th Cir.1993), cert. denied, 115 S.Ct. 60 (1994) and 116 S.Ct. 63 (1995). When the jury informed the court that it was deadlocked, the judge did not inquire about the breakdown of the vote. Instead, the judge instructed the jury to continue deliberating and "see if you can reach a verdict." There is no indication that the judge's instruction had an impermissibly coercive effect on the jury.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3