**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Wesley BURNETT, Jr., Defendant-
Appellant.**

**No. 23387.**

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1969.

R. Neal Richards (argued), of Beard & Richards, San Diego, Cal., for appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Edwin L. Miller, U. S. Atty., San Diego, Cal., for appellee.

Before JERTBERG, BROWNING, and ELY, Circuit Judges.

PER CURIAM:

Defendant was adjudged guilty as charged in five separate counts alleging offenses under 18 U.S.C. §§ 2, 371, 1341, 2314, and 15 U.S.C. § 77q.

His first ground of appeal is that the trial judge improperly admitted testimony regarding a declaration against pecuniary interest made by a person deceased at the time of trial. We need not decide the question. Defend-

ant was sentenced to three years on each count, all sentences to run concurrently. The declaration was irrelevant to at least one count (count 9), and we are satisfied from an examination of the record as a whole that it did not influence the jury's guilty verdict with respect to that count. *See* Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

 Defendant's second ground of appeal is that it was error to permit the government to introduce testimony of defendant's bad reputation for truth and veracity. The testimony complained of was received in rebuttal after defendant had testified, but defendant contends that it was nonetheless inadmissible because it was really based upon specific acts of misconduct rather than upon the government witnesses' knowledge of defendant's general reputation. The witnesses themselves testified to the contrary, and we are not free to reject that testimony as untrue.

 Defendant cannot complain of the testimony relating to his specific acts of misconduct since it was elicited from the witnesses by the defendant himself during cross-examination.

Affirmed.