**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gerald Mark WILLIAMS,
Defendant–Appellant.**

No. 89–50241.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1991.

Decided July 18, 1991.

722

Andrew French Loomis, Oakland, Cal., for defendant-appellant.

Alan G. Dahle, Sp. Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BEEZER, HALL and TROTT, Circuit Judges.

TROTT, Circuit Judge:

Gerald Mark Williams was convicted by a jury of two counts of possession of cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1) (1988). Although Williams himself placed his prior narcotics conviction before the jury during direct examination, he challenges the district court's *in limine* ruling that evidence of the conviction would be admissible under Fed.R.Evid. 609(a)(1) if offered by the prosecution. He also appeals the court's decision to sentence him under the mandatory minimum ten-year sentence provision of 21 U.S.C. § 841(b)(1)(B), rather than under the United States Sentencing Guidelines. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

## I

### *Admissibility of the Prior Conviction*

■ The district court ruled *in limine* that the prosecution could admit into evidence for impeachment purposes under Rule 609(a)(1) Williams's prior state conviction for possession of marijuana for sale. Faced with this adverse ruling, defense counsel informed the court that she would elicit the fact of the prior conviction during her direct examination of Williams, which she later did. The prosecution did not refer to the prior conviction at trial, so the jury's only knowledge of it came from the brief colloquy between Williams and his attorney.

In *Shorter v. United States*, 412 F.2d 428, 431 (9th Cir.), *cert. denied*, 396 U.S. 970, 90 S.Ct. 454, 24 L.Ed.2d 436 (1969), we confronted a case nearly identical to the one presented here. The defendant in *Shorter* appealed the district court's *in limine* ruling that his prior convictions were admissible for impeachment purposes, though defendant's attorney had introduced evidence of the convictions through defendant's own testimony on direct examination. We reasoned:

> We need not now decide whether the prosecution's use of prior convictions obtained without counsel for *impeachment purposes* violates the rationale of *Burgett*. In the case at bar the prior convictions were not offered by the prosecutor; they were offered by the testimony of appellant himself. While the prosecutor

stated that he intended to offer the priors if appellant took the stand and the court indicated it would admit them if offered, the prosecutor never had a chance either to do so or to change his mind. Appellant did not wait to see if the priors would in fact be offered and then object to them; rather, he offered the evidence himself as a matter of trial strategy, probably to soften the anticipated blow in the eyes of the jury. Having adopted this strategy, which appeared to be in his best interest, he cannot now be heard to complain that his own act of offering such evidence violated his constitutional rights. We therefore hold appellant's contention to be without merit.

(footnote omitted) (emphasis in original).[1] Relying on *Shorter*, we observed in a later case that, even if the prior conviction at issue had been inadmissible, there was no reversible error because "[i]t was [defendant's] counsel who, perhaps for some strategic purpose, first introduced the fact of the prior conviction into evidence." *United States v. Bryan*, 534 F.2d 205, 206 (9th Cir.1976) (per curiam); *see also United States v. Hauff*, 395 F.2d 555, 557 (7th Cir.), *cert. denied*, 393 U.S. 843, 89 S.Ct. 124, 21 L.Ed.2d 113 (1968) (defendant waived objection to adverse ruling "since it was the defendant's attorney who introduced the prior conviction at the time defendant took the witness stand....").[2]

---

1. The following Ninth Circuit cases discuss the *Shorter* holding in dicta. *See United States v. Cook*, 608 F.2d 1175, 1184–85 (9th Cir.1979) (en banc), *cert. denied*, 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980) ("In *Shorter* ... [w]e held that by telling [the jury] about his former convictions [defendant] waived his opportunity to object to them and thus did not preserve the issue for appeal."); *United States v. Lasky*, 548 F.2d 835, 837 n. 1 (9th Cir.) (per curiam), *cert. denied*, 434 U.S. 821, 98 S.Ct. 63, 54 L.Ed.2d 77 (1977); *United States v. Murray*, 492 F.2d 178, 197 (9th Cir.1973), *cert. denied*, 419 U.S. 854, 95 S.Ct. 98, 42 L.Ed.2d 87 (1974) ("We concluded in *Shorter* that the defendant could not complain on appeal, for his actions were a matter of trial strategy."); *Tucker v. United States*, 431 F.2d 1292, 1293 n. 2 (9th Cir.1970), *aff'd*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Plies v.*

*United States*, 431 F.2d 727, 729 (9th Cir.1970); *Jordan v. United States*, 428 F.2d 7, 9 (9th Cir.), *cert. denied*, 400 U.S. 946, 91 S.Ct. 252, 27 L.Ed.2d 252 (1970); *Bates v. Nelson*, 333 F.Supp. 896, 899 (N.D.Cal.1971), *aff'd*, 485 F.2d 90 (9th Cir.1973). The Seventh Circuit also has endorsed *Shorter* in passing. *See United States v. Berry*, 661 F.2d 618, 620 (7th Cir.1981).

2. *Cf. United States v. Valdivia*, 492 F.2d 199, 204 (9th Cir.1973), *cert. denied*, 416 U.S. 940, 94 S.Ct. 1945, 40 L.Ed.2d 292 (1974); *United States v. Burnett*, 418 F.2d 912, 913 (9th Cir.1969) (per curiam) ("Defendant cannot complain of the testimony relating to his specific acts of misconduct since it was elicited from the witnesses by the defendant himself during cross-examination."); *United States v. Le Vison*, 418 F.2d 624, 626 (9th Cir.1969).

The present case is controlled by *Shorter* and *Bryan*. *Shorter* is particularly apposite because in that case, as here, there was a specific ruling in advance of trial that the prior convictions would be admissible if the prosecution chose to use them. In both cases, as here, the defense made a strategic decision to introduce the evidence preemptively, to soften its anticipated effect on the jury.[3] Indeed, in one respect the *Shorter* rule is less harsh as applied here than in *Shorter:* When the defendant in *Shorter* made his preemptive strike, he forfeited a constitutional challenge to the admission of his prior convictions, whereas in this case Williams based his objection solely on the Federal Rules of Evidence.

We realize, of course, that the *Shorter* rule restricts a time-tested technique employed by defense attorneys. As a result of the rule, defense attorneys must choose between softening the impact of the prior conviction on the jury and preserving the Rule 609 objection for appeal. The former route often will be taken because, if the defendant allows the prosecution to expose his criminal history, the effect on his case may be devastating; the jury may infer that the defendant is attempting to hide his prior convictions and will likely focus more on them in assessing his credibility. A holding based on this concern, however, is foreclosed by *Shorter* and *Bryan*.

Even if our decision were not compelled by this precedent, the Supreme Court's subsequent opinion in *Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), would point us in the same direction. Before *Luce*, the law of this circuit was that a defendant could refrain from testifying and still preserve for appeal an objection to an adverse *in limine* evidentiary ruling under Rule 609. *See United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir.1979) (en banc), *cert. denied*, 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980). In *Luce*, the Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." *Luce*, 469

U.S. at 43, 105 S.Ct. at 464. The Court reached this result for the following reasons:

A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context. This is particularly true under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify.

Any possible harm flowing from a district court's *in limine* ruling permitting impeachment by a prior conviction is wholly speculative. The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling. On a record such as here, it would be a matter of conjecture whether the District Court would have allowed the Government to attack petitioner's credibility at trial by means of the prior conviction.

When the defendant does not testify, the reviewing court also has no way of knowing whether the Government would have sought to impeach with the prior conviction. If, for example, the Government's case is strong, and the defendant is subject to impeachment by other means, a prosecutor might elect not to use an arguably inadmissible prior conviction.

*Id.* at 41–42, 105 S.Ct. at 463 (footnotes omitted).

■ *Luce* teaches that the admissibility of a prior conviction for impeachment depends to a great extent on the nature of the defendant's testimony. In practice, it is often difficult to determine in advance of

---

**3.** "Although Rule 609(a) is silent on the point, nothing prevents counsel from bringing out the witness' conviction on direct in order to remove

some of the sting from cross-examination." 3 Weinstein's Evidence ¶ 609[05], at 105–06 (1990).

this testimony whether the use of such a powerful form of impeachment is justified. This is particularly the case where, as here, the prior conviction teeters on the edge of inadmissibility due to its low impeachment value, old age, and similarity to the crime charged. *See, e.g., United States v. Wallace*, 848 F.2d 1464, 1473 n. 12 (9th Cir. 1988) (listing the factors governing admissibility). Even if the district court rules before trial that the prior conviction will be admissible if offered, based on the defendant's expected defense, it is always possible that the court will change its mind on hearing the defendant's actual testimony. The district court should retain discretion to reverse itself when this testimony brings into sharper focus the question of admissibility.

Another lesson of *Luce* is that the government should be free to decide against introducing a prior conviction when, for example, it appears later at trial that there is less need to impeach the defendant than previously thought, or that there are other less problematic means of impeachment available. In some percentage of cases, the parties' skirmish over the admissibility of a prior conviction will end in a truce, as the government decides in a moment of prudence to lay down this potent weapon, fearing it may backfire on appellate review. The benefit of such a peaceful resolution, of course, is that a potentially reversible error, and its appeal, are avoided altogether.

By bringing out the fact of the prior conviction during her direct examination of Williams, Williams's attorney deprived the court and the government of a last chance to reverse their pre-stated positions. Were we to sanction such a strategy, we would in effect be licensing defendants to plant irremediable errors in their trials during direct examination. While the choice between preempting the prosecution and preserving the Rule 609 objection for appeal may be perilous, it is no more so than many other decisions defense attorneys must make at trial. Informed by *Shorter, Bryan* and *Luce*, we hold that, having introduced the fact of his prior conviction on direct examination, Williams has waived his right to appeal the district court's *in limine* ruling that the evidence was admissible under Rule 609(a)(1).

## II

### *The Challenge to the Sentence*

Williams claims the district court erred in sentencing him under 21 U.S.C. § 841(b)(1)(B) (1988), which requires a mandatory minimum ten-year sentence for repeat narcotics offenders who trade in certain specified drugs.[4] He argues he is entitled to be sentenced under the Sentencing Guidelines, which impose a lesser sentence for a defendant in his circumstances. Williams does not dispute that, by its terms, section 841(b)(1)(B) applies to him. He asserts instead that Congress impliedly repealed mandatory minimum sentence provisions like section 841(b)(1)(B) when it enacted the Sentencing Reform Act. *See* Sentencing Reform Act of 1984 (codified as amended), 18 U.S.C. § 3551 *et seq.* (1988), and 28 U.S.C. § 991 *et seq.* (1988).

As an initial matter, we note that section 5G1.1(b) of the Guidelines flatly contradicts Williams's contention:

Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

U.S.S.G. § 5G1.1(b).[5] *See also United States v. Sharp*, 883 F.2d 829, 831 (9th

---

**4.** Section 841(b)(1)(B) provides in relevant part:

If any person commits such a violation [involving cocaine or other specified drugs] after one or more prior convictions for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment which *may not be less than 10 years* and not more than life imprisonment. . . .

21 U.S.C. § 841(b)(1)(B) (1988) (emphasis supplied).

**5.** The Commentary section offers the following example: "If the applicable guideline range is

Cir.1989) (per curiam) (under section 5G1.1, "when a statute requires a sentence different than that set by the guidelines, the statute controls."); *United States v. Turner*, 881 F.2d 684, 686 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 199, 107 L.Ed.2d 153 (1989) (under section 5G1.1, "the mandatory minimum sentence provided by a particular statute must be pronounced even if the defendant falls under a lower sentencing range under the Sentencing Guidelines.")

Because the drafters of the Guidelines are not the final authority on whether Congress has impliedly repealed mandatory minimum sentence statutes, our inquiry must go beyond the assumption implicit in section 5G1.1(b) that Congress has not done so. We must examine Congress's intent independently.

Williams relies principally on the following passage from 18 U.S.C. § 3553(b):

> The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

18 U.S.C. § 3553(b) (1988). Because 21 U.S.C. § 841(b)(1)(B) requires a minimum sentence in excess of the maximum applicable Guidelines sentence, Williams argues, that section must be considered repealed at least in part. Under the Guidelines regime, he claims, his mandatory minimum sentence under section 841(b)(1)(B) is tantamount to a departure from the Guidelines, warranted only if the district court finds an aggravating circumstance not adequately taken into account by the Guidelines.

■ Our consideration of Williams's argument is guided by the principle that repeals by implication are disfavored. *See Rodriguez v. United States*, 480 U.S. 522, 524, 107 S.Ct. 1391, 1392, 94 L.Ed.2d 533 (1987) (per curiam); *TVA v. Hill*, 437 U.S. 153, 189–90, 98 S.Ct. 2279, 2299–2300, 57 L.Ed.2d 117 (1978). We will find such a repeal only when the legislature's intention on the subject is " 'clear and manifest.' " *Hill*, 437 U.S. at 189, 98 S.Ct. at 2299 (quoting *Posadas v. National City Bank*, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936)).

■ The words quoted from section 3553(b) do not indicate, much less clearly manifest, Congress's intent to repeal mandatory minimum sentence provisions such as section 841(b)(1)(B).[6] We therefore hold that, where preexisting sentencing statutes mandate minimum terms in excess of the maximum applicable Guidelines sentence, these statutes control, and the mandatory minimum sentence imposed does not constitute a departure from the Guidelines.[7] In so holding, we follow the lead of our sister circuits. *See United States v. Garcia–Pillado*, 898 F.2d 36, 39 (5th Cir.1990) ("[T]here was no general repeal of statutory minimum sentences" when the Guidelines were enacted.); *United States v. Stewart*, 879 F.2d 1268, 1272 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 256, 107 L.Ed.2d 205 (1989); *see also United*

---

41–51 months and there is a statutorily required minimum sentence of 60 months, the sentence required by the guidelines under subsection (b) is 60 months; a sentence of more than 60 months would be a guideline departure." U.S.S.G. § 5G1.1, Commentary.

**6.** The Sentencing Reform Act does, however, address the applicability of statutory minimum sentences in the special circumstance of a defendant who has rendered "substantial assistance" to the authorities:

> The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is

lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

28 U.S.C. § 994(n) (1988) (emphasis supplied); *see also United States v. Keene*, 933 F.2d 711, 713 (9th Cir.1991). If anything, this passage implies that in all other circumstances mandatory minimum sentence provisions shall control.

**7.** A sentence that is *greater* than the mandatory minimum sentence *is* considered a departure from the Guidelines, however. *See* U.S.S.G. § 5G1.1, Commentary.

*States v. Donley,* 878 F.2d 735, 740–41 (3rd Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1528, 108 L.Ed.2d 767 (1990).

AFFIRMED.