5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto SAMA, Defendant-Appellant.
 No. 91-50697.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1993.*
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-0149-WMB-1, William Matthew Byrne, Jr., District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before NORRIS, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sama appeals from his conviction and sentence for his part in a cocaine distribution conspiracy. We affirm.
 
 
 3
 * Sama filed a motion in limine to preclude admission at trial of certain demonstrative evidence--specifically, a suitcase found in the closet of Sama's bedroom that contained items used in the weighing, packaging, and resale of drugs. The district court granted Sama's motion in part, ruling that the government would not be permitted to introduce the paraphernalia as part of its case in chief, because nothing tied it to the cocaine involved in this particular conspiracy. The court reserved judgment on whether the evidence could come in for any other purpose.
 
 
 4
 Sama testified in his own defense, essentially admitting his role in the conspiracy, but saying that he had been entrapped by one Sonny Singh, an agent of the government. When the defense rested, the court told counsel that, given the nature of the defense, the government would have to be permitted to introduce the drug paraphernalia, in order to rebut Sama's suggestion that he was not predisposed to involve himself in the conspiracy, and was in fact entrapped. On appeal, Sama argues that the district court erred in ruling that this demonstrative evidence could be admitted.
 
 
 5
 Sama, however, has waived the opportunity to assert this alleged error. Faced with the district court's ruling, he made the strategic decision to introduce the evidence himself rather than allowing the government to do so on rebuttal, in hopes of lessening its impact in the eyes of the jury. Sama got back on the witness stand, and testified that the paraphernalia belonged to a friend, who had given it to Sama to hold because he was trying to kick his drug habit. Clear precedent in this court and the Supreme Court states that by introducing the evidence himself, Sama waived the issue for purposes of appeal. Luce v. United States, 469 U.S. 38 (1984); United States v. Williams, 939 F.2d 721 (9th Cir.1991). Sama's efforts to distinguish his own case are unavailing. We therefore affirm his conviction.
 
 II
 
 6
 Sama's offense of conviction carries a mandatory minimum sentence of 120 months. The district court determined the Guidelines range to be 121 to 151 months. The court imposed a sentence of 121 months.
 
 
 7
 On appeal, Sama contends that the district court erred in rejecting the presentence report's recommendation that he receive an acceptance of responsibility adjustment under section 3E1.1 of the Guidelines. "Whether a particular defendant is entitled to the reduction under Sec. 3E1.1 is a matter the sentencing judge must [decide] in his discretion based upon the entire record." United States v. Molina, 934 F.2d 1440, 1451 (9th Cir.1990). Sama contends that the district court failed to consider all evidence relevant to his acceptance of responsibility, and denied the adjustment solely on the grounds that his assertion of an entrapment defense was necessarily incompatible with the acceptance of responsibility.
 
 
 8
 At sentencing, the district court addressed the issue of acceptance of responsibility as follows:
 
 
 9
 I find that, as far as the Guidelines are concerned, that the defendant did not accept responsibility. I disagree with the probation office. I do not believe that acceptance of responsibility in these cases, though it is an interesting question that maybe some time some Court is going to have to review, that when somebody says they did something but I was entrapped to do it, whether that is acceptance of responsibility. I do not believe that's acceptance of responsibility, and I do not believe the Probation Department was correct in giving the two-point reduction, and I would change the computed Guidelines by deleting that two-point reduction.
 
 
 10
 RT 9/23/91 at 18. We understand why Sama urges us to read this language as he does. We are not persuaded, however, that the district court failed to "consider all the evidence bearing on the issue of the defendant's contrition," as it was bound to do. Molina, 934 F.2d at 1451. The court read and considered the presentence report's account of Sama's "contrition," yet disagreed with the writer's conclusion, stating its reasons with unmistakable clarity. To the very last, Sama insisted that, "if it wasn't for Sonny Singh, I wouldn't be here, and I am not a drug dealer." RT 9/23/91 at 25. The court, however, was unpersuaded: "Sonny Singh might have had something to do with you being here, but you are here because of you.... The bottom line of this case is that, in my opinion, you clearly violated the drug laws. I don't think you were entrapped." RT 9/23/91 at 26 (emphasis supplied). We cannot say that the court abused its discretion in denying Sama an acceptance of responsibility reduction when the court plainly disbelieved Sama's version of his involvement in this drug conspiracy.[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We emphasize, however, that our affirmance is based on the sentencing judge's apparent reliance on Sama's statement at the sentencing hearing that "I am not a drug dealer," Sama's failure to apologize or affirmatively to concede responsibility for any wrongdoing at the sentencing hearing, and the judge's evaluation of the presentence report. These facts are sufficient to sustain the judge's ruling that Sama had not accepted responsibility for his criminal behavior. Absent these facts, the judge's expressed rationale for denying the reduction comes perilously close to articulating a per se rule of law that asserting an entrapment defense precludes a defendant from accepting responsibility. We have never so held. See Molina, 934 F.2d at 1451. Thus, we reemphasize that our affirmance is not based on the ground that exercising the right to assert the entrapment defense at trial is necessarily incompatible with an acceptance of responsibility under Guidelines Sec. 3E1.1