19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon RAMIREZ-RAVAGO, Defendant-Appellant.
 No. 93-30184.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided March 16, 1994.
 
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In cases where the U.S. Sentencing Guidelines range exceeds the statutory maximum, "the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. Sec. 5G1.1 (1993). Ramirez-Ravago argues that by imposing a two year sentence, the statutory maximum under 8 U.S.C. Sec. 1326(a), the guidelines deny the district court any discretion and thus exceed the statutory authority of the U.S. Sentencing Commission.[1]
 
 
 3
 We find little merit in this argument. " 'If Congress can remove the sentencing discretion of the district courts, it certainly may guide that discretion through the guidelines.' " United States v. Belgard, 894 F.2d 1092, 1100 (9th Cir.1990) (quoting United States v. White, 869 F.2d 822, 825 (5th Cir.1989)). Moreover, default to the statutory maximum does not entirely eliminate discretion; the judge may still depart for "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. Sec. 3553(b).
 
 
 4
 Ramirez-Ravago nonetheless argues that the district court must be able to choose within a "range." Congress authorized the Sentencing Commission to "establish a sentencing range that is consistent with all pertinent provisions of title 18, United States Code." 28 U.S.C. Sec. 994(b)(1). Here, the guidelines do indeed promulgate a range: 63 to 78 months (based on a total offense level of 22 and a Criminal History Category of IV). However, Congress also provided maximum and minimum sentences for certain crimes. Where Congress's statutory sentence and the Commission's guideline range conflict, it is Congress's authority, not the Commission's, at issue, and the statute trumps. See United States v. Williams, 939 F.2d 721, 725-26 (9th Cir.1991); United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendant did not raise this objection below. In fact, he expressly agreed that the statutory maximum provided the proper sentence. We have sometimes held such a failure to object constitutes a waiver of the right to appeal. United States v. Hernandez-Rodriguez, 975 F.2d 622, 628 (9th Cir.1992). Nonetheless, we consider defendant's argument because it's purely an issue of law and his failure to raise it below does not appear to prejudice the government. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)