29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric V. LOGAN, Defendant-Appellant.
 No. 92-50615.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1993.
Decided July 22, 1994.
 
 Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Logan was convicted for violating 18 U.S.C. Secs. 2, 2113(a), and 2113(d) for aiding and abetting armed bank robbery. At trial, the prosecution questioned Logan regarding an earlier unrelated armed bank robbery charge, including the alibi Logan had used prior to pleading guilty to that crime, and other statements Logan allegedly made to the FBI. Logan raises two issues on appeal.[1] First, whether the district court improperly admitted evidence of his prior conviction and the alibi he used. Second, whether sufficient evidence existed to support a conviction for armed bank robbery. We affirm Logan's conviction under 18 U.S.C. Secs. 2 and 2113(a), for unarmed bank robbery, but we reverse his conviction under 18 U.S.C. Secs. 2 and 2113(d), for armed bank robbery.
 
 I.
 
 3
 On January 7, 1992, the Union Bank was robbed at gunpoint. Eric Logan, charged with driving the getaway car, submitted an alibi defense that a man borrowed his car and paid him fifty dollars for the use.
 
 
 4
 In the previous year, Logan had pled guilty to an unrelated armed bank robbery charge. Prior to his plea, he submitted an alibi defense, similar to the alibi he submitted in the 1992 bank robbery. Again, a stranger approached him and requested to borrow his car in exchange for fifty dollars.
 
 
 5
 Logan's attorney filed a motion in limine seeking to exclude evidence of all of Logan's prior convictions, but especially his prior conviction for armed bank robbery. The district court denied the motion, and tentatively concluded that the conviction was admissible both to impeach Logan under Fed.R.Evid. 609 and under Fed.R.Evid. 404(b) as evidence of modus operandi, knowledge, and intent.
 
 
 6
 At trial, Logan's attorney made the tactical decision to "front load" the conviction by mentioning it in her opening argument and on direct examination of Logan. On cross-examination, the prosecutor was allowed to inquire, over Logan's objections, into the details of Logan's prior conviction, including his prior alibi. The jury convicted Logan.
 
 II.
 
 7
 We first address whether Logan waived his right to appeal the admissibility of his prior conviction. The Government contends that Logan waived his right to appeal the motion in limine ruling because Logan, not the prosecution, introduced the evidence of his prior conviction. In United States v. Williams, 939 F.2d 721 (9th Cir.1991), we addressed this issue and held that the defendant waived his right to appeal the in limine ruling. "By bringing out the fact of the prior conviction during her direct examination of [the defendant, his] attorney deprived the court and the government of a last chance to reverse their pre-stated positions." Id. at 725. As such, the objection to the in limine ruling was waived. Id.
 
 
 8
 Williams controls this case. Logan cannot contest on appeal the district court's in limine ruling on the admissibility of the conviction for impeachment purposes because Logan's attorney, not the prosecutor, alerted the jury to his prior conviction. His attorney made "a strategic decision to introduce the evidence preemptively, to soften its anticipated effect on the jury." Id. at 724. Any objection to the introduction of the prior conviction was waived.
 
 III.
 
 9
 The next question is whether this waiver entitled the prosecution to introduce evidence of his prior alibi. On cross-examination of Logan, the court permitted the prosecutor, over Logan's objection, to inquire into the details of Logan's prior bank robbery conviction. When Logan denied having made the statement regarding his prior alibi to the FBI, the prosecution introduced the FBI agent to whom Logan had made the statement. This evidence is separate from the prior conviction itself, and Logan's attorney properly objected to the admission of this evidence. We find that Logan has not waived his right to appeal this issue.
 
 
 10
 Logan contends that the district court abused its discretion when it denied his request for a new trial because the court improperly permitted the prosecution to impeach him with his prior alibi and other statements made to the FBI before his previous bank robbery conviction. Logan argues that the evidence was not admissible under either Fed.R.Evid. 609 or 404(b).
 
 
 11
 We need not decide whether the evidence was improperly admitted under either Fed.R.Evid. 609 or 404(b) because we hold that the error, if any, was harmless. "The error is harmless if it is more probable than not that the prejudice resulting from the error did not materially affect the verdict." United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991).
 
 
 12
 The remaining evidence admitted in Logan's trial overwhelmingly established Logan's guilt. Logan's car was used in the robbery, his fingerprint was found on the stolen money bank wrap in his car, eyewitness testimony corroborated Logan's handicap with the physical characteristics of the driver of the getaway car, and other witness testimony conflicted with Logan's version of the events. Finally, Logan's alibi for this bank robbery contained numerous internal inconsistencies. We conclude that it was more probable than not that the jury would have rendered the same verdict had they not heard the evidence of Logan's alibi on the earlier occasion.
 
 IV.
 
 13
 Logan contends that insufficient evidence existed to support his conviction as an aider and abettor. Logan was convicted of violating 18 U.S.C. Secs. 2, 2113(a), and 2113(d) for aiding and abetting armed robbery.
 
 
 14
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We conclude that there is sufficient evidence to support Logan's unarmed robbery conviction under 18 U.S.C. Secs. 2 and 2113(a). However, there is insufficient evidence to support Logan's armed robbery conviction under 18 U.S.C. Secs. 2 and 2113(d).
 
 
 15
 The elements of bank robbery are set forth at 18 U.S.C. Sec. 2113(a)-(g). "Section 2113(d) imposes additional penalties for bank robbers who 'assault any person, or ... jeopard[ize] the life of any person by the use of a dangerous weapon or device...." United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986) (quoting 18 U.S.C. Sec. 2113(d)). To sustain a conviction for aiding and abetting under section 2113(d), the prosecution must prove that the defendant aided and abetted the principal in every essential element of the crime. United States v. Jones, 678 F.2d 102, 105 (9th Cir.1982).
 
 
 16
 Under a Sec. 2113(d) charge the government must therefore show that the defendant aided and abetted the principal both in the act of bank robbery and in the principal's use of "a dangerous weapon or device" during the act.
 
 
 17
 Id. (citations omitted). If there is no proof of the defendant's role in the use of the weapon, the case must be remanded for resentencing under section 2113(a).
 
 
 18
 The Government concedes that under prior Ninth Circuit case law insufficient evidence existed to support Logan's conviction under section 2113(d) for armed robbery because no evidence showed that Logan knew that the principal was armed or that he intended to use a weapon. However, the Government contends that a more recent case, United States v. Douglass, 780 F.2d 1472 (9th Cir.1986), undercuts the prior aiding and abetting cases. We disagree.
 
 
 19
 We held in Douglass that the close connection between narcotics and guns supported an inference that the defendant, whose only task was operating a refueling stop for the plane transporting the narcotics, knew or reasonably could have foreseen the pilot's possession of a weapon. This was sufficient to enhance the defendant's penalty under 18 U.S.C. Sec. 924(c). The Government would have us extend this "inference" to armed bank robbery. We decline to do so. Bank robbery frequently occurs without a gun. Insufficient evidence exists to support Logan's armed bank robbery conviction under section 2113(d) because the Government did not prove every essential element of the crime.
 
 
 20
 Therefore, we reverse Logan's section 2113(d) conviction. Retrial under section 2113(d) is barred by the double jeopardy clause of the Constitution because we reverse that portion of the judgment for lack of sufficient evidence to sustain it. United States v. Jones, 592 F.2d 1038, 1042 (9th Cir.), cert. denied, 441 U.S. 951 (1979).
 
 
 21
 However, we conclude that sufficient evidence exists to support Logan's convictions under 18 U.S.C. Secs. 2 and 2113(a). There was sufficient evidence to support the finding that Logan was the driver in the getaway car. The car that Logan returned home in the day of the robbery was the same car used in the robbery. The address listed on the vehicle registration was Logan's. The eyewitness testimony as to the driver of the car is consistent with Logan's handicap: the driver was sitting low and no hands were seen on the steering wheel. Additionally, the bank strap from the stolen money was found in Logan's car with his fingerprint on it. Finally, substantial sums of money were found in the car with Logan, in the same denominations as taken from the bank. We conclude there was sufficient evidence to sustain Logan's unarmed robbery conviction.
 
 
 22
 Although there was sufficient evidence to sustain Logan's conviction under section 2113(a), there was insufficient evidence to support his conviction under section 2113(d). Therefore, we vacate the sentence and remand to the district court for resentencing under section 2113(a).
 
 
 23
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Logan raised additional issues in a supplemental pro se brief. When a defendant raises an issue on appeal that was not raised before the district judge, this court employs a plain error standard of review. United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989). We determined that these issues lack merit