33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Napoleon TORRES, aka Napoleon Reyes Torres, Defendant-Appellant.
 No. 94-10066.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Napoleon Torres appeals his 120-month sentence imposed following entry of a guilty plea to possession with intent to distribute more than 100 grams of crystal methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 3
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Torres's counsel submitted a brief identifying two possible issues for review: (1) whether the district court erred by imposing the statutory minimum mandatory prison term of 120 months instead of a term within the Guideline range, which was lower than the statutory minimum; and (2) whether the district court erred by failing to depart below the statutory minimum sentence based on substantial assistance to the authorities, where the government failed to request a departure on this ground. Counsel also filed a motion to withdraw as counsel of record. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo a district court's interpretation and application of the Sentencing Guidelines. United States v. Conkins, 9 F.3d 1377, 1384 (9th Cir.1993), and affirm the sentence.
 
 
 4
 Torres pleaded guilty to possession of over 100 grams of crystal methamphetamine, a quantity that subjected him to a statutory mandatory minimum sentence of 120 months. See 21 U.S.C. Sec. 841(b)(1)(A)(viii). The Guidelines range that would have been applicable in the absence of a statutory minimum was 87 to 108 months. The district court imposed the minimum mandatory sentence.
 
 
 5
 Under U.S.S.G. Sec. 5G1.1, " 'the mandatory minimum sentence provided by a particular statute must be pronounced even if the defendant falls under a lower sentencing range under the Sentencing Guidelines.' " United States v. Williams, 939 F.2d 721, 726 (9th Cir.1991) (quoting United States v. Turner, 881 F.2d 684, 686 (9th Cir.), cert. denied, 493 U.S. 871 (1989)); see also Conkins, 9 F.3d at 1387. Where, as here, the government does not request a downward departure based on the defendant's assistance to the authorities, the district court is "presumptively without power to circumvent the mandatory minimum." United States v. De La Fuente, 8 F.3d 1333, 1340 (9th Cir.1993) (quoting United States v. Vilchez, 967 F.2d 1351, 1355 (9th Cir.1992)). Absent a motion by the government, departure below the statutory minimum is appropriate only if the government's failure to request a departure constitutes a breach of the plea agreement, or is otherwise unconstitutionally motivated. De La Fuente, 8 F.3d at 1340; Vilchez, 967 F.2d at 1355.
 
 
 6
 Here, the plea agreement obligated the government to request a departure if Torres provided substantial assistance. After he entered his guilty plea, however, Torres refused to meet with government investigators or to testify before a grand jury. Consequently, the government was not obligated to request a departure. Nothing in the record indicates that the government's failure to do so was improperly motivated. Because the sentencing court lacked authority to depart below the statutory minimum, imposition of the minimum 120-month term was not error. See Conkins, 9 F.3d at 1387; Vilchez, 967 F.2d at 1356-57.
 
 
 7
 The motion of counsel to withdraw is GRANTED and the sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3