33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel SANCHEZ-VALENCIA, Defendant-Appellant.
 No. 93-55622.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manuel Sanchez-Valencia appeals pro se the district court's dismissal of his petition for relief under 28 U.S.C. Sec. 2255. Sanchez-Valencia pleaded guilty in 1989 to selling 150 grams of heroin to a confidential informant. He was sentenced pursuant to 21 U.S.C. Sec. 841(b)(1)(B)(1), which mandates a minimum five-year term of imprisonment for offenses involving more than 100 grams of heroin. He claims he is entitled to relief because he was entrapped, because his counsel was ineffective, and because the district court committed errors at sentencing. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 We review de novo a district court's denial of federal habeas relief. United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993). We do not consider Sanchez-Valencia's claim of entrapment. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, ... thereafter[,] ... he may only attack the voluntary and intelligent nature of the guilty plea." United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992) (citing Tollett v. Henderson, 411 U.S. 258 (1973)).
 
 
 4
 Sanchez-Valencia claims that his counsel in the district court was ineffective because he did not file pretrial motions or help him "to obtain the ... lowest possible sentence." He claims further that the district court misapplied the Sentencing Guidelines. We reject these arguments.
 
 
 5
 A defendant who alleges ineffective assistance in the plea process must show a reasonable probability "that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Sanchez-Valencia does not even suggest that he might have gone to trial. He complains only about his sentence.
 
 
 6
 Where a statute mandates a minimum term in excess of the maximum applicable Guidelines sentence, the statute controls. United States v. Williams, 939 F.2d 721, 726 (9th Cir.1991). Sanchez-Valencia's crimes exposed him to a mandatory five-year prison term. We need not review the district court's Guidelines calculations or counsel's alleged omissions at sentencing because Sanchez-Valencia received the lowest sentence possible under the controlling statute. See id.
 
 
 7
 We decline to consider Sanchez-Valencia's drug purity claim, raised for the first time in this appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3