57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Girard TUCKER, Plaintiff-Appellant,
v.
LOS ANGELES COUNTY; et al., Defendants-Appellees.
and
David M. Furmanski, Defendant-Appellee.
 No. 92-56311.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 8, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Girard Tucker appeals pro se the jury's verdict in favor of Los Angeles County Sheriff's Department Officer David Furmanski in Tucker's 42 U.S.C. Sec. 1983 action alleging the use of excessive force during his arrest. Tucker contends that the district court erred by ruling that evidence of his conviction for manufacturing PCP was admissible to impeach his testimony under Fed.R.Evid. 609(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Furmanski contends that Tucker waived his right to appeal the motion in limine ruling because Tucker himself introduced the evidence of this conviction. In United State v. Williams, 939 F.2d 721 (9th Cir.1991), we addressed this issue and held that the defendant waived his right to appeal the in limine ruling by bringing out the fact of the prior conviction during direct testimony. Id. at 725.
 
 
 4
 Williams controls this case. Tucker cannot contest on appeal the district court's in limine ruling on the admissibility of the conviction for impeachment purposes because Tucker alerted the jury to his prior conviction. Tucker made a "strategic decision to introduce the evidence preemptively, to soften its anticipated effect on the jury." Id. at 724. Any objection to the introduction of the prior conviction was waived. See id.; cf. Shorter v. United States, 412 F.2d 428, 431 (9th Cir.), cert. denied, 396 U.S. 970 (1969).
 
 
 5
 To the extent that Tucker is appealing the district court's admission of his earlier PCP convictions, any error committed by the district court was harmless. Tucker failed to show how the admission of the earlier convictions prejudiced a substantial right in light of the fact that evidence of the conviction arising out of this incident was before the jury. See United States v. Bagley, 772 F.2d 482, 488 (9th Cir.1985) (error in admitting prior felony conviction is reversible only if the party demonstrates that a substantial right has been prejudiced by the court's decision), cert. denied, 475 U.S. 1023 (1986).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3