86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin CLARK, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Philip CLARK, Defendant-Appellant.
 Nos. 95-10346, 95-10421.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 17, 1996.*
Decided May 31, 1996.
 
 Before: ALARCON, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, Calvin Clark and Philip Clark ("the Clarks") seek reversal of a final judgment entered following a jury trial convicting them of the crime of assault on a federal officer, in violation of 18 U.S.C. §§ 2, 111(a)(1), 111(b) and 1114.
 
 
 3
 The Clarks contend that the district court committed constitutional error during the voir dire proceedings, and misled the jury regarding its duty as a fact finder. Philip Clark separately argues that the district court erred in its ruling concerning the admissibility of evidence and in its interpretation of the Sentencing Guidelines.
 
 
 4
 We affirm because we conclude that the Clarks have failed to demonstrate constitutional error, and the district court did not err in its ruling on the admissibility of evidence, or in its application of the Sentencing Guidelines.
 
 
 5
 * The Clarks argue that "[b]y not appropriately 'testing' the prospective jurors, the judge has reduced the number of meaningful peremptory challenges or challenges for cause available to [them]" and that by conducting voir dire as described above, the trial judge denied them their Sixth Amendment right to a fair and impartial jury. "We review questions of constitutional law de novo." United States v. Ward, 989 F.2d 1015, 1017 (9th Cir.1992).
 
 
 6
 At the conclusion of its voir dire examination of the prospective jurors, the district court asked counsel whether the jurors should be subjected to additional questions. After a side-bar conference, the court rejected the requests of both defense counsel that four jurors be questioned further about their law enforcement associations.
 
 
 7
 Neither defendant moved to strike any prospective juror for cause. The four jurors were stricken from the prospective jury panel by peremptory challenges. The defendants received and used their full complement of peremptory challenges in the jury selection process. Neither defendant objected on the ground that the jurors who were ultimately empaneled were not impartial.
 
 
 8
 In Ross v. Oklahoma, 487 U.S. 81 (1988), the United States Supreme Court addressed the question regarding what showing must be made to prove that a trial judge's rulings during jury selection violated a defendant's Sixth Amendment rights. The Court held, "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated." Id. at 88. The court explained further that, "[a]ny claim that the jury was not impartial, therefore, must focus not on [the dismissed juror], but on the jurors who ultimately sat." Id. at 86. The Clarks have failed to demonstrate that the jurors who actually heard this matter were not impartial. The district court did not deprive the Clarks of their Sixth Amendment guarantee of a fair and impartial jury.
 
 
 9
 The Clarks also contend that they were denied their Fifth Amendment right to due process of law because the district court's questioning of prospective jurors was not reasonably sufficient to enable their attorneys to make an informed peremptory challenge, or a challenge for cause. This contention is also meritless.
 
 
 10
 "[T]he due process 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive the full complement of challenges to which he is entitled by law." United States v. Baker, 10 F.3d 1374, 1404 (9th Cir.1993) (quoting Ross, 487 U.S. at 89), cert. denied, 115 S.Ct. 330 (1994). The Clarks do not argue that they were denied the proper number of peremptory challenges under Rule 24(b) of the Federal Rules of Criminal Procedure. Accordingly, they were not denied due process.
 
 II
 
 11
 The Clarks assert that the district court deprived them of their right to due process by misleading the jurors in regard to their duties as fact finders. During the voir dire examination, the district court explained the jury's role as a fact finder in these words:
 
 
 12
 Obviously, if one witness comes forward and says, "The light was green," and another witness comes forward and says, "The light was red"; well, you can't compromise on that. You've got to find the color of the light, and you do that by, as I say, determining the credibility of each witness, and then assessing weight to be given to the testimony of not only the witnesses, but whatever documents or other kinds of evidence might come before you.
 
 
 13
 The Clarks did not object to the court's instruction. Accordingly, we review the court's admonition for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). We must determine whether the court's instruction was contrary to law and, if so, whether it "affected the outcome of the district court's proceedings." Id. at 734.
 
 
 14
 The Clarks maintain that the court's instruction misled the proposed jurors into thinking that they must determine all disputed facts. This argument is frivolous. The jury's function is to ascertain the truth after weighing the credibility of opposing witnesses. See Berry v. United States, 312 U.S. 450, 453 (1941) (juries have "the exclusive power ... to weigh evidence and determine contested issues of fact--a jury being the constitutional tribunal provided for trying facts in courts of law"). The district court's instruction did not mislead the jury.
 
 III
 
 15
 Philip Clark alleges that the district court erred in ruling that the Government would be permitted to cross-examine him regarding whether he had been ordered to participate in a court-ordered alcohol rehabilitation program. The Government contends that Philip Clark waived this objection. We review de novo the question whether a defendant has waived his right to appeal. United States v. Haggard, 41 F.3d 1320, 1325 (9th Cir.1994).
 
 
 16
 Philip Clark testified on direct examination that he had not consumed any alcohol since the assault. Following the court's statement regarding the permissible scope of cross-examination, Philip Clark's trial counsel asked his client whether he had been ordered by a court to enter an alcohol rehabilitation program. Counsel's tactical decision to blunt the impact of impeachment evidence by introducing it on direct examination precludes our review of the merits of the trial court's ruling. In United States v. Williams, 939 F.2d 721 (9th Cir.1991), we held that when a trial court makes an in limine ruling that the Government may present certain impeachment evidence challenged by the defendant, the introduction of this evidence by the defense waives the right to appeal from the district court's ruling. Id. at 723-25. We reasoned in Williams that this preemptive strike strategy unfairly deprives "the court and the government of a last chance to reverse their pre-stated positions." Id. at 725. The reasoning in Williams applies with equal force where, as here, the district court rules in response to an oral evidentiary objection at a sidebar conference.
 
 IV
 
 17
 Philip Clark attacks the district court's sentencing decision on several grounds. Initially, he argues that the evidence is insufficient to demonstrate that the assault was aggravated, as that term is defined in U.S.S.G. § 2A2.2. A district court's factual findings in its sentencing decision are reviewed for clear error. United States v. Robinson, 63 F.3d 889, 890-91 (9th Cir.1995).
 
 
 18
 An assault is "aggravated" under U.S.S.G. § 2A2.2 if it involves the use of "(a) a dangerous weapon with intent to do bodily harm (i.e., not merely to frighten), or (b) serious bodily injury, or (c) an intent to commit another felony." U.S.S.G. § 2A2.2, Application Note 1. Felonious assaults that do not fall within the scope of § 2A2.2 are classified as "minor" assaults, pursuant to § 2A2.3.
 
 
 19
 Witnesses to the assault testified that they saw Philip Clark hit Officer Yazzie with a rock that was the same size as a football. They also heard Philip Clark say "[l]et's kill him with the rock." The Sentencing Guidelines define "dangerous weapon" as "an instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 1B1.1, Application Note 1(d). The evidence is sufficient to show that Philip Clark used a dangerous weapon with the intent to inflict great bodily injury. The district court did not clearly err in applying the aggravated assault guideline.
 
 
 20
 Philip Clark also maintains that because the use of a dangerous weapon was relied upon to classify his crime as an aggravated assault under § 2A2.2 rather than as a simple assault under § 2A2.3, application of a four-level increase for use of a deadly weapon pursuant to § 2A2.2(b)(3)(B) constitutes impermissible double counting. We rejected this same argument in United States v. Reese, 2 F.3d 870, 896 n. 32 (9th Cir.1993), cert. denied, 114 S.Ct. 928 (1994).
 
 
 21
 Philip Clark next argues that the district court erred in applying a four-level increase for serious bodily injury under § 2A2.2(b)(3)(B) and § 1B1.1, Application Note 1(j) because the evidence is insufficient to demonstrate that the injuries suffered by the victim were caused by the rock. He also argues that the rock could not have caused the victim's injuries because his skull was not crushed.
 
 
 22
 As discussed above, the evidence viewed in the light most favorable to the Government shows that Philip Clark attacked the victim with a large rock. Medical evidence was introduced showing that the victim suffered serious injuries including a fracture to the eye orbit and to his nose. A medical expert testified that these injuries were consistent with a blow to the head with a rock. The district court did not clearly err in finding that the rock caused these serious injuries.
 
 
 23
 Philip Clark contends further that the trial court erred in subjecting him to the "official victim" enhancement provided in U.S.S.G. § 3A1.2(a) because "this adjustment [should] not be applied if the offense guideline specifically incorporates this factor." The same issue was presented to us in United States v. Sanchez, 914 F.2d 1355 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991). We held in Sanchez that "the offense level determined through application of § 2A2.2 does not include consideration of an official victim." Id. at 1362 (citation omitted).
 
 
 24
 Finally, Philip Clark alleges that the evidence is insufficient to show that his assault upon the victim was motivated by the victim's official status. He asserts that Officer Yazzie testified that at the time he was hit with the rock, he was pointing the gun in Calvin Clark's direction. The record does not support this argument. The victim did not testify that the gun was pointed at Calvin Clark. The district court did not err in sentencing Philip Clark.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3