**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Mamie TANG, Defendant—Appellant.**

No. 03–10170.

United States Court of Appeals,
Ninth Circuit.

July 5, 2005.

Robin D. Harris, Richards, Watson & Gershon, Los Angeles, CA, TImothy P. Crudo, Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Anthony J. Feldstein, San Francisco, CA, for Defendant–Appellant.

Before: LAY,* HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM **

As we previously held, and now reaffirm, Mamie Tang ("Tang") waived her right to appeal in a written plea agreement. Because the Government did not breach the plea agreement, Tang cannot appeal her sentence. *Cf. United States v. Gonzalez,* 16 F.3d 985, 990 (9th Cir.1993).

The district court's factual finding, that there was no agreement between the Government and Tang that Tang be sentenced after her co-conspirator, was not clearly erroneous. *See United States v. Elliott,* 322 F.3d 710, 714 (9th Cir.2003). Similarly, the Government did not breach the plea agreement when it opposed a downward adjustment for acceptance of responsibility because the Government learned new, material information about Tang's failure to accept responsibility. *See United States v. De la Fuente,* 8 F.3d 1333, 1337 (9th Cir. 1993).

Additionally, the Government's use of statements at sentencing that Tang made while cooperating with the Government did not breach the plea agreement because Tang introduced the statements into evidence herself. *See United States v. Williams,* 939 F.2d 721, 723–25 (9th Cir. 1991). Even if there were a breach, the district court did not err in calculating the amount of loss pursuant to the now advisory U.S.S.G. § 2F1.1 (deleted by consolidation with 2B1.1, November 1, 2001). *See*

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*United States v. Amlani,* 111 F.3d 705, 719 (9th Cir.1997).

The Supreme Court granted Tang's petition for writ of certiorari, vacated our original disposition, and remanded to this court for further consideration in light of *United States v. Booker,* ── U.S. ──, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Tang v. United States,* ── U.S. ──, 125 S.Ct. 1064, 160 L.Ed.2d 999 (2005). *Booker* does not make Tang's waiver of appeal involuntary or unknowing "because *Booker* does not bear on mandatory minimums and because a change in the law does not make a plea involuntary and unknowing." *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (citation omitted.)

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.